**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.:

JAMES P. F., SR.,

     *Plaintiff*,

vs.

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC., (d/b/a/ FLORIDA BLUE),
BLUE SHIELD OF CALIFORNIA, INC. (d/b/a/
BLUE OF CALIFORNIA), SPACEX PPO PLAN,
SPACE EXPLORATION TECHNOLOGIES
CORPORATION, and COLLECTIVEHEALTH
ADMINISTRATORS, LLC,

     *Defendants.*

_____/

## COMPLAINT

Plaintiff, James P. F., SR. ("J.F."), sues Defendants, Blue Cross and Blue Shield of Florida, Inc. (d/b/a/ Florida Blue) ("Florida Blue"), Blue Shield of California, Inc. (d/b/a/ Blue of California) ("Blue of California"), SpaceX PPO Plan (the "Plan"), Space Exploration Technologies Corporation ("SpaceX"), CollectiveHealth Administrators, LLC ("Collective Health"), as follows:

### NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE

1.     This is an action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code, Sections 1000-1461 ("ERISA"), for (a) Defendants' wrongful denial of J.F.'s health insurance benefits

1

(which such benefits, as discussed in greater detail below, are ultimately owed to J.F.'s medical provider, Surgery Center of Viera, LLC, "SCV," under valid assignment from J.F., "valid" at the very least with respect to between SCV and J.F.)[1] and (b) Defendants' administrative failures (namely Defendants' failure to timely produce the entire administrative record / claim file).

2.      More specifically, this action arises, in part (Count I), under ERISA for Defendants' administrative record production failures relating to the subject J.F.-related health insurance claim, implicating ERISA, Title 29, United States Code, Section 1024(b), Title 29, United States Code, Section 1132(c)(1), Title 29, Code of Federal Regulations, Section 2575.502c-1, and Title 29, Code of Federal Regulations, Section 2560.503-1(h)(2)(iii), for examples. More specifically, this action also arises, in part (Count II), under ERISA out of Defendants' wrongful denial of health insurance benefits owed in relation to medical services provided to the Plan participant / patient / insured, J.F., by SCV on February 27, 2018, implicating Title 29, United States Code, Section 1132(a)(1)(B) to recover benefits and enforce rights.

3.      At all material times, J.F. was insured under the health insurance Plan, with the subject Plan document (Ex. A) effective date being January 1, 2017. At all material times, J.F. was a resident of Brevard County, Florida. J.F. is of adult age.[2]

---

[1] The subject insurance plan document (a/k/a/ Summary Plan Description, "SPD") contains an anti-assignment provision from Defendants' perspective in relation to assignment between SCV and J.F. *See* Ex. A at 10-11, as the SPD is attached hereto as **Exhibit A** and incorporated herein by reference. The fact that Defendants refuse to recognize the valid assignment between SCV and J.F. is of no moment as to the ultimate applicableness of the assignment between SCV and J.F.

[2] At all material times, SCV (J.F.'s subject medical provider) was the authorized representative of J.F. with an assignment of benefits as well, not to mention a power of attorney.

4.     At all material times, Florida Blue was an insurance company with its principal place of business / headquarters (*i.e.*, nerve center) in the State of Florida and engaged in the business of selling and / or administering health insurance and / or deciding health insurance claims (*i.e.*, claim administrating).

5.     At all material times, Blue of California was an insurance company with its principal place of business / headquarters (*i.e.*, nerve center) in the State of California and engaged in the business of selling and / or administering health insurance and / or deciding health insurance claims (*i.e.*, claim administrating).

6.     At all material times, CollectiveHealth was a limited liability company with its principal place of business / headquarters (*i.e.*, nerve center) in the State of California and engaged, at the very last here, in claim administration.[3] Upon information and belief (namely, CollectiveHealth's August 11, 2020, filing with the Secretary of the State of California), CollectiveHealth's LLC management and / or membership consist of the following: (a) Ronald S. Bell, listing a San Francisco, California address on CollectiveHealth's aforementioned August 11, 2020, filing, (b) Scott E. Murray, listing a San Francisco, California address on CollectiveHealth's aforementioned August 11, 2020, filing, and (c) Rex L. Jensen, listing a San Francisco, California address on CollectiveHealth's aforementioned August 11, 2020 filing.

7.     At all material times, SpaceX was a company with its principal place of

---

[3] It is not entirely clear at present whether CollectiveHealth is an insurance company or claim / insurance administrator or insurance brokerage firm, or some combination thereof or something entirely different altogether. Part of the reason Plaintiff does not know that is because Defendants wrongly refused germane records requests pre-suit (hence, Count I, *infra*). But, for purposes of this averment, we at least know that CollectiveHealth had a role in administering the subject claim and is a company out of California with its nerve center in California.

business / headquarters (*i.e.*, nerve center) in the State of California and engaged in the business of designing, manufacturing, and launching advanced rockets and spacecraft, deciding health insurance claims under the subject Plan, sponsoring the subject Plan, and administering the subject Plan.

8.     This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

9.     Venue is proper in the Middle District Court of Florida pursuant to Title 29, United States Code, Section 1132(e)(2) and / or Title 28, United States Code, Section 1391(b), since, for examples, (a) a substantial part of the events or omissions giving rise to the subject action occurred in this jurisdiction, namely the subject medical procedure was completed in this jurisdiction and Defendants' denial (partial, but closer to whole) of the subject insurance claim and failure to supply germane documentation / information required by federal law and the insurance contract occurred in this jurisdiction, (b) at least one Defendant's (Florida Blue's) principle place of business / nerve center is in this jurisdiction, and (c) the Orlando Division of this Court has personal jurisdiction (due to Defendants' minimum contacts in this forum, Florida Blue's minimum contacts at the very least).

10.     All conditions precedent to the institution of this action (*e.g.*, administrative pre-suit appeals) have occurred, been performed, been waived, or were futile.

## COMMON ALLEGATIONS

11.     At all material times, J.F. was covered by the Plan and the Plan was in full force and effect. Again, a copy of the insurance policy / plan document is attached as Exhibit A.

12.     The subject Plan number was / is 501, group number was / is 2761156M005,

employee identification number was / is 01-0627671, contract number was / is SXM 63262352C, J.F.' Member I.D. number was / is SNM203M78610, and the assigned claim reference / ID number was / is H100000657352919.

13.     At all material times leading up to the subject medical services received from SCV, J.F. suffered from neck pain with radiculopathy (with radiation primarily being in the arm region), myelopathic changes, spondylolisthesis, and severe stenosis. J.F. tried alternative, conservative management treatments, which failed and surgical treatment was deemed medically necessary. On February 27, 2018, SCV operated on J.F. to remedy J.F.'s medical conditions, performing an anterior cervical decompression and fusion ACDF at C4-C5, C5-C6, and C6-C7.

14.     Prior to the surgery, on February 21, 2019, Blue of California had pre-authorized the subject procedure, stating, in part, that "[c]overage for the services has been approved." The letter goes on to state that the pre-authorization takes the following into consideration: "[r]equests for prior authorization/pre-certification are reviewed for medical necessity …".[4] Indeed, the pre-authorization process for a spinal procedure (and related aspects of same such as implants) was required under the Plan. *See* Ex. A at 11.

15.     SCV's billed charges for the subject medical services rendered to J.F. totaled $210,979.00, and a claim package was timely submitted to Defendants relating to same on or about March 5, 2018.

16.     The medical procedure was successful and eliminated J.F.'s pain.

17.     Following claim submission, by Explanation of Benefits ("EOB") dated May

---

[4] A redacted copy of this letter is attached hereto as **Exhibit B** and incorporated herein by reference.

9, 2018, from Florida Blue, the subject claim was denied, nakedly contending that the subject procedure "was not deemed medically necessary."[5]

18.     By letter dated May 24, 2018, undersigned counsel sent Florida Blue a letter of representation and germane documentation / information request. In part, the letter asked Florida Blue to advise as to whether some other entity or person needed to oblige the May 24, 2018, letter requests and requested that, if so, Florida Blue forward the May 24, 2018, letter to whatever entity or whichever person would be responsible for obliging same in whole or in part.[6] Florida Blue, at the very least, certainly would have had a fiduciary or agent type duty / responsibility to advise other entities or persons responsible for obliging germane documentation / information requests that such a request had been made (in particularly by an attorney).

19.     By letter dated June 14, 2018, Florida Blue sent a letter, which such letter again nakedly regurgitated that denial of the subject claim was purportedly based on lack of medical necessity. This letter oddly also advised SCV that Florida Blue needed more information to consider the J.F. claim, but failed to identify such information.[7]

20.     So, by letter dated July 25, 2018, SCV, as J.F.'s authorized representative (among other things) advanced an appeal of the claim denial.

21.     By a Florida Blue EOB dated September 12, 2018 (received by SCV on September 17, 2018), the first appeal was decided – a little over $8,000.00 was paid in relation

---

[5] A redacted copy of this EOB is attached hereto as **Exhibit C** and incorporated herein by reference.

[6] A redacted copy of this May 24, 2018, letter is attached hereto as **Exhibit D** and incorporated herein by reference.

[7] A redacted copy of this June 14, 2018, letter is attached hereto as **Exhibit E** and incorporated herein by reference.

to the primary surgical code, although each surgical code maintained an EOB code of non-covered.[8] Of note, the insurance policy / Plan document only requires one level of appeal. *See* Ex. A at 52-53. But, as discussed below, it was always the goal to avoid litigation; hence, J.F.'s attempts (discussed below) to carry out a second level appeal as well through his authorized representative (SCV and its counsel).

22.    The insurance policy / Plan document speaks (in more than one place) to CollectiveHealth being responsible for deciding claims and appeals. Here, it appears that CollectiveHealth delegated some or all of that claim and appeal decision-making to Florida Blue and / or Blue of California. Only discovery will reveal what hand CollectiveHealth had in the pre-authorization, claim, and appeal decisions conveyed by Florida Blue and Blue of California. At the very least, CollectiveHealth is liable (in whole or in part) for Count I. *See* ¶¶ 25, 30. And, at the very least, CollectiveHealth would still experience exposure in relation to Count II even if it had delegated its claim administrator responsibilities (set forth in the insurance policy / plan document, Ex. A) to Florida Blue and / or Blue of California.

23.    By letter dated January 21, 2019, a letter was sent by undersigned counsel following up on the aforementioned May 24, 2018, letter (Ex. D), as no Defendants had responded yet to his May 24, 2018, letter.

24.    By letter dated February 5, 2019, Florida Blue advised that SCV and its counsel (undersigned) had to direct the May 24, 2018 / January 21, 2019, letters elsewhere.

25.    So, by email dated February 14, 2019, the aforementioned January 21, 2019 follow-up letter (which enclosed the May 24, 2018, letter) was furnished to CollectiveHealth.

---

[8] A redacted copy of this EOB is attached hereto as **Exhibit F** and incorporated herein by reference.

By email dated February 15, 2019, CollectiveHealth acknowledged receipt of same.

26.     By letter dated May 2, 2019, a second level appeal was submitted to Defendants by J.F. *via* counsel of J.F.'s authorized representative (SCV), regrettably still without the germane documentation / information that had been requested by letter dated May 24, 2018.

27.     By letter dated May 16, 2019, Florida Blue advised that the California home plan (presumably Blue of California) had advised that the second level appeal had to be directed to the Plan. And, so, the appeal made its way to SpaceX.

28.     By letter dated May 30, 2019, SpaceX's counsel (on behalf of SpaceX) rejected the May 2, 2019, second level appeal and refused production of the germane documentation / information set forth in the aforementioned May 24, 2018, letter.

29.     Since May 30, 2019, there have been continued attempts to obtain germane documentation / information (sometimes called an administrative record / claim file) from Defendants, to no avail. This exercise most recently culminated in a July 1, 2020, letter from counsel for SpaceX, wherein an authorization form and a power of attorney form executed by J.F. allowing SCV and / or undersigned counsel to serve as authorized representative (among other things) were rejected by SpaceX because SpaceX wished for its own forms to be completed.[9] At that point, amidst this gamesmanship (which had just been the last stop on a long road of gamesmanship experienced by J.F. and / or his authorized representatives), it was determined that any additional pre-suit communications with Defendants would be futile, especially considering all pre-suit appeals (conditions precedent to litigation) had been

---

[9] Redacted copies of the authorization form(s) and power of attorney are attached hereto as **Exhibit G** and incorporated herein by reference.

advanced anyway.

30.     The futility conclusion was bolstered by a variety of things. For example, Florida Blue's naked EOBs deciding the subject claim, and Defendants' subsequent refusals to explain the claim denial. As another example, Blue of California determined that the subject medical procedure was medically necessary before the subject procedure, but, then, the claim was denied on medical necessity grounds. As another example, CollectiveHealth received the request for germane documentation / information and then ignored it like the rest of the Defendants who ignored or refused same. As another example, SpaceX's (through counsel) rejection of the second level appeal and continued refusal, based on poppycock about authorized representation having to be spelled out on SpaceX's specific forms, to provide germane documentation / information (most, if not all, of which was / is designed to shed light on the reasons for Defendants' claim denial) requested almost two years earlier.

31.     Defendants denied most (if not all) payment for the procedure claiming that care was not deemed medically necessary, notwithstanding things like Blue of California's February 21, 2019, pre-authorization of the subject codes of the subject medical procedure and advisement that part of the pre-authorization process involved assessing / confirming the subject codes / procedures were medically necessary.

32.     At no time have Defendants substantiated their claim denial; *i.e.*, actually explained how the subject medical procedure was purportedly medically unnecessary. This notwithstanding myriad pre-suit invitations for Defendants to justify their claim decision-making both directly and through requests for germane documentation / information (often called an administrative record and / or claim file).

33.     As for the subject medical procedure that Blue of California had deemed medically necessary in the pre-authorization process, the insurance policy / Plan document defines "medically necessary" as "if it is recommended by a physician or other licensed medical provider, consistent with good medical practice, and appropriate for your condition." *See, e.g.,* Ex. A at 17; *see also, e.g., id.* at 44-45.

34.     "Outpatient surgery" finds coverage under the insurance policy / Plan document. *See* Ex. A at 34.

35.     Here, the outpatient surgery was plainly recommended by the subject physician. Here, the outpatient surgery was certainly in good medical practice and appropriate for J.F.'s condition. There is nothing in the record that we are aware of (keeping in mind that Defendants have still secreted germane documentation / information).

36.     J.F. exhausted the pre-suit appeal processes to the best of J.F.'s ability. "To the best of J.F.'s ability" because J.F. was (or his authorized representatives were) hindered in the pre-suit administrative dispute resolution processes by Defendants' wrongful refusal to timely provide required / requested records relating to Defendants' claim and appeal decision-making. Given exhaustion, this lawsuit was J.F.'s regrettable last resort.

37.     J.F. has suffered significant financial harm as a result of Defendants' improper claim denial. The financial harm by way of the denied medical procedure is greater than $75,000.00 in benefits, not including interest, attorney's fees, or costs. And the financial harm also includes $89,430.00 (as of today's date) in administrative penalty as now discussed.

**COUNT I – PETITION TO COMPEL PRODUCTION OF THE "ADMINISTRATIVE RECORD" AND FOR RECOVERY OF ADMINISTRATIVE RECORD PRODUCTION FAILURE PENALTY PURSUANT TO ERISA, 29 U.S.C. § 1024(B), 29 U.S.C. § 1132(c)(1) AND 29 C.F.R. § 2575.502c-1 (AS TO ALL DEFENDANTS)**

J.F. re-alleges Paragraphs 1 through 37 as if fully set forth herein, and further alleges as follows.

38.     This is a claim for production of the administrative record <u>and</u> for award of administrative record production failure penalty pursuant to Title 29, United States Code, Section 1132(c)(1), Title 29, United States Code, Section 1024(b), Title 29, Code of Federal Regulations, Section 2575.502c-1, and Title 29, Code of Federal Regulations, Section 2560.503-1(h)(2)(iii), for examples. And it is worth re-noting that several of the germane records requested by the above-mentioned May 24, 2018, letter (*see* Ex. D) are promised by the insurance contract (not just the aforementioned federal codes). *See, e.g.*, Ex. A at 67-68.

39.     By letter(s) referenced in the above common allegations (namely the May 24, 2018, letter, Ex. D), J.F. (through J.F.'s representatives) asked Defendants to provide the administrative record / germane documentation in relation to the claim, mainly (but not entirely) to learn Defendants' exact reasons for its absurd "medically unnecessary" claim denial so that J.F. could contest same in an educated fashion (pre-suit and, only if need be, in suit).

40.     Defendants were / are responsible for providing the requested materials, both pursuant to the aforementioned federal codes and the Plan document (Ex. A). *See, e.g.,* Ex. A at 67-68.

41.     Defendants shirked their legally and contractually prescribed administrative / germane record production responsibilities.

42.     The May 24, 2018, letter (Ex. D) was clear, and it was sent to at least Florida

Blue and CollectiveHealth, with express request to pass the request along to other Defendants if Florida Blue and CollectiveHealth were not the Defendants responsible for same, in whole or in part.

43.     At all times, the authorization form(s) and power of attorney (*see* Ex. F) that J.F. put forth to various Defendants at various times (such that J.F.'s representatives could obtain germane documentation / information on his behalf) were valid and legally sound. SpaceX's ultimate conclusion that it would only accept its own forms was legally and / or contractually repugnant or grounded solely in burden or delay.

44.     Per the above-cited United States Code and Code of Federal Regulations, the $110.00 / day administrative penalty started accruing June 25, 2018.[10]  From June 25, 2018, through the date of this complaint (September 14, 2020), 813 days have passed without Defendants' complete satisfaction of the administrative record / germane record requests made in the aforementioned May 24, 2018, letter regarding the J.F. claim. As of the filing date of this complaint, the $110.00 / day administrative penalty totals $89,430.00. The $110.00 / day penalty will continue to accrue until such time that Defendants fully oblige the legally and contractually required germane documentation / information requests set forth in the January May 24, 2018, letter noted above.

45.     J.F. has no other adequate remedy other than this lawsuit to address the injuries J.F. has suffered as a result of Defendants' wrongful withholding of pieces of the administrative record / germane documentation.

---

[10] This represents the date that falls on the thirty-first day after the May 24, 2018, request for the administrative / germane records.

46.     As a further result of Defendants' refusal to produce the administrative record / germane documentation, J.F. has been forced to retain legal counsel for representation in this matter and is accordingly entitled to recover reasonable attorneys' fees and costs pursuant to Title 29, United States Code, Section 1132(g)(1) or as otherwise awardable.

WHEREFORE, Plaintiff, James P. F., Sr., respectfully requests (a) entry of Court order compelling Defendants, Blue Cross and Blue Shield of Florida, Inc. (d/b/a/ Florida Blue), Blue Shield of California, Inc. (d/b/a/ Blue of California), SpaceX PPO Plan, Space Exploration Technologies Corporation, and CollectiveHealth Administrators, LLC, to produce the outstanding administrative record / germane records posthaste and allowing J.F. thirty days following production of the administrative record / germane records to amend this complaint if need be; (b) an award to J.F. of the administrative record production failure penalty incurred by Defendant pursuant to Title 29, United States Code, Section 1132(c)(1), Title 29, United States Code, Section 1024(b), Title 29, Code of Federal Regulations, Section 2575.502c-1, and Title 29, Code of Federal Regulations, Section 2560.503-1(h)(2)(iii), for examples; (c) an award to J.F. of attorneys' fees (pursuant to Title 29, United States Code, Section 1132(g)(1)) and costs incurred bringing this action; and (d) the Court's affording of any other relief the Court deems equitable, just, and / or proper.

## COUNT II – RECOVERY OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132(A)(1)(B) (AS TO ALL DEFENDANTS)

J.F. re-alleges Paragraphs 1 through 37 as if fully set forth herein, and further alleges as follows.

47.     This is a claim to recover benefits and enforce rights under Title 29, United States Code, Section 1132(a)(1)(B).

48.     Pursuant to Title 29, United States Code, Section 1132(a)(1)(B), J.F., as a participant in the subject health insurance Plan, is entitled to sue for judicial determination and enforcement of benefits and / or rights.

49.     At all material times to this action and in exchange for a valuable premium, Defendants provided insurance to J.F. under the insurance policy / Plan document, which is a binding and enforceable insurance contract under the laws of the State of Florida or otherwise.

50.     The subject medical services were covered under the insurance policy, *see* ¶¶ 33-34, *supra*, and were not medically unnecessary as was / is Defendants' only unexplained basis for claim denial.

51.     By the terms of the insurance policy / Plan document (Ex. A) and pursuant to the law, Defendants, among other things, had a duty to properly investigate the subject medical services, properly adjust / investigate the subject J.F. claim relating to such services, and properly fully compensate J.F. (in turn, SCV) in relation to same. Defendants failed J.F. in these regards, which contravened ERISA (in particularly Title 29, United States Code, Section 1132(a)(1)(B)), and, for that matter, breached the insurance policy (Ex. A), violated Florida law, and was otherwise inequitable.

52.     As a direct, foreseeable, and proximate result of Defendants' contravention of Title 29, United States Code, Section 1132(a)(1)(B) and breach of their obligations under the Plan, J.F. has suffered and continues to suffer damages ($0.00 payment for a valuable and successful surgery).

53.     J.F. has no other adequate remedy other than this lawsuit to address the injuries J.F. has suffered as a result of Defendants' denial of benefits in relation to the subject medical

services based on a wayward (and largely, if not entirely, unsubstantiated) purported "medically unnecessary" denial.

54.    As a further result of Defendants' refusal to compensate J.F., J.F. has been forced to retain legal counsel to represent J.F. in this matter and is accordingly entitled to recover reasonable attorneys' fees and costs pursuant to Title 29, United States Code, Section 1132(g)(1) or as otherwise awardable.

WHEREFORE, Plaintiff, Robert N., Jr., respectfully requests the entry of judgment against Defendants, Blue Cross and Blue Shield of Florida, Inc. (d/b/a/ Florida Blue), Blue Shield of California, Inc. (d/b/a/ Blue of California), SpaceX PPO Plan, Space Exploration Technologies Corporation, and CollectiveHealth Administrators, LLC, for liability and for damages including, but not limited to, (a) past-due insurance benefits owed in relation to the subject medical services, (b) any and all awardable interest that has accrued on the aforementioned insurance benefits, (c) an award to J.F. of attorneys' fees (pursuant to Title 29, United States Code, Section 1132(g)(1)), and (d) costs incurred bringing this action, and for such other relief as this Court deems equitable, just and proper.

Dated this 14th day of September, 2020.

Respectfully Submitted,

**CALLAGY LAW, P.C.**
1900 N.W. Corporate Blvd., Ste 310W
Boca Raton, Florida  33431
(561) 405-7966 (o); (201) 549-8753 (f)

/s/ Jeffrey L. Greyber
**Jeffrey L. Greyber, Esq.**
Fla. Bar No. 41103
jgreyber@callagylaw.com
hcasebolt@callagylaw.com