# Exhibit D



CALLAGY LAW
Caring • Urgent • Aggressive

**Paramus Office:**
Mack-Cali Centre II
650 From Rd – Suite 565
Paramus, NJ 07652

**New York Office:**
2825 Third Avenue
Suite 301
Bronx, NY 10455
Phone: 929.436.0007

**Jersey City Office:**
586 Newark Ave
2nd Floor
Jersey City NJ 07306
Phone: 201.565.2344
Fax: 201.918.2039

**Arizona Office:**
1850 North Central Ave
Suite 1100
Phoenix, AZ 85004
Phone: 602.687.5844

info@callagylaw.com
callagylaw.com
Phone: 201.261.1700
Fax: 201.261.1775

**Sean R. Callagy+***

Partners
Michael J. Smikun+*
David L. Aromando+*
Brian P. McCann+*
Christopher R. Cavalli+
Hala A. Jaloudi+<
Jeffrey L. Greyber*~Δ^

Associates
JoAnne Baio LaGreca+*
Thomas LaGreca*
James Greenspan+*
Tamara E. Kotsev+*
Lynne Goldman+*
Christopher R. Miller+
Robert J. Solomon+*
Daniel C. Nowak+
Emily J. Harris+
Sarah N. Goldenthal+*
Rajat Bhardwaj+
Michael Bittoni*
Brian Williamson#
Alena Eydlish+
Brittany Glaser+
Trevor Anderson +>
Angelica Guzman+

+Member of the NJ Bar
*Member of the NY Bar
#Member of the AZ Bar
<Member of the PA Bar
>Member of the GA Bar
^Member of the FL Bar
ΔMember of the TX Bar
~Member of the DC Bar

May 24, 2018

***Via* U.S. Mail**
BlueCross Blue Shield
P.O. Box 1798
Jacksonville, FL 32231

**RE:** **Patient / Insured: J[redacted] F[redacted]**
**Employer Name: SpaceX**
**Carrier: BlueCross BlueShield of California**
**Member ID No.: SXM63262352C**
**DOS: 2/27/18**
**Medical Provider: Surgery Center of Viera**

Dear Sir/Madam:

Please be advised that Callagy Law, PC, represents Surgery Center of Viera ("SCV"), in relation to the above-captioned matter. As you are aware, SCV is the medical provider of BlueCross insured, J[redacted] F[redacted], and is the fully authorized assignee relating to the subject insurance claim and related indemnification. Enclosed as Enclosure #1 please find SCV's executed, HIPAA-compliant authorization form relating to my representation. Moving forward, please channel all communications regarding the subject claim through me.

We start with some housekeeping. First, we trust that any and all applicable pre-suit administrative appeal deadlines will be tolled pending the carrier's production of the germane documentation / information set forth below; *i.e.*, we trust any pre-suit administrative appeal deadline clock (like 90 days or 180 days or whatever the case may be under a particular policy or plan) will not start ticking until we receive the requested germane / documentation set forth below. If we err in that trust, we expect the carrier to immediately say so. Second, please remain cognizant of the $110.00 / day penalty (starting on the thirty-first day after this letter) for any carrier failure to timely oblige the below documentation / information requests applicable to any policy or plan subject to ERISA pursuant to Title 29, United States Code, Sec. 1024(B), Title 29, United States Code, Sec. 1132(c)(1), and Title 29 Code of Federal Regulations Sec. 2575.502c-1.

Regarding our assessment of the carrier's claim(s) denial, underpayment, or delayed non-decision, please promptly provide us with a copy of the entire administrative record. The administrative record should consist, at minimum, of the following: **(1)** Complete, certified copies of all

BCBS
RE: Ja███ F███
May 24, 2018

plan documents (master policy, summary plan description, benefit booklet, certificate of coverage, or the like) in effect at the times of the subject medical services and / or at the times of any claims made relating to the subject medical services; **(2)** Copies of all correspondence and / or documents exchanged between the carrier and the insured (or any insured representatives) regarding the subject medical services and / or any claims made relating to the subject medical services; **(3)** Copies of all correspondence and / or documents exchanged between the carrier and SCV regarding the insured, the subject policy / plan, the subject medical services, and / or any claims made relating to the subject medical services; **(4)** Copies of all correspondence and / or documents exchanged between the carrier and any other party (less attorney-client privileged data, of course) regarding the subject medical services and / or any claims made relating to the subject medical services; **(5)** Copies of all of the insured's SCV-related medical records in the carrier's possession; **(6)** Identification of all policy / plan language upon which the claim(s) decision-making was based; **(7)** Contact information for any medical professionals enlisted by the carrier regarding the subject medical services and / or any claims made relating to the subject medical services; **(8)** Transcripts and audio recordings of any recorded statements or phone calls between the carrier and the insured (or any representatives of the insured) regarding the subject medical services and / or any claims made relating to the subject medical services; **(9)** Transcripts and audio recordings of any recorded statements or phone calls between the carrier and SCV regarding the subject medical services and / or any claims made relating to the subject medical services; **(10)** Transcripts and audio recordings of any recorded statements or phone calls between the carrier and any other party (less any attorney-client privileged data, of course) regarding the subject medical services and / or any claims made relating to the subject medical services; **(11)** All EOBs relating to any claims that were made relating to the subject medical services; **(12)** All SCV billing and / or claim(s) submission paperwork received by the carrier relating to the insured; **(13)** All evidence of any payment(s) made by the carrier relating to any claims that were made relating to the subject medical services; **(14)** All guidelines, manuals, written protocol, medical treatises, medical literature, and / or the like upon which the carrier partially or wholly based its claim(s) decisions; **(15)** All billing paperwork, rate schedules, data or formulas relating to "usual, customary, reasonable" (UCR) medical provider charges, and / or any other data upon which the carrier has based its decisions as to how much indemnity to afford on the subject claim(s); and **(16)** Copies of any other documents that the carrier partially or wholly relied on in deciding any claim(s) relating to the subject medical services.

Equipped with this legally required documentation / information, we will be in a position to assess and carry out the next step (*e.g.*, pre-suit appeal(s), complaints / grievances with state offices of insurance regulation, litigation, and / or *et cetera*). If the carrier contends that our administrative record production request needs to be directed, in whole or in part, to some other person or entity (*e.g.*, an insured's employer or plan sponsor), we expect the carrier to promptly forward our administrative record production request to that person or entity and carbon copy us on such correspondence.

BCBS
RE: Ja█████ F█████
May 24, 2018

      Thank you in advance for the anticipated prompt response and cooperation. We look forward to working with the carrier towards rectifying the subject claim(s) denial, underpayment, or delayed non-decision.

                         Sincerely,

                         *[signature: D. Caselott for]*

                         Jeffrey L. Greyber, Esq.

                                    *to avoid delay*

Enclosure

CC:    Surgery Center of Viera (*via* separate transmission)

**HIPAA COMPLIANT AUTHORIZATION FOR THE RELEASE OF PATIENT INFORMATION PURSUANT TO 45 CFR 164.508**

TO: Blue Cross Blue Shield
Name of Healthcare Provider/Physician/Facility/Medicare Contractor

P.O. BOX 1798
Street Address

Jacksonville, FL 32231
City, State and Zip Code

RE: Patient Name: J[redacted] F[redacted]

Date of Birth: [redacted] Social Security Number: XXX-XX-[redacted]

I authorize and request the disclosure of all protected information for the purpose of review and evaluation in connection with a legal claim. I expressly request that the designated record custodian of all covered entities under HIPAA identified above disclose full and complete protected medical information including the following:

- [x] All medical records, meaning every page in my record, including but not limited to: office notes, face sheets, history and physical, consultation notes, inpatient, outpatient and emergency room treatment, all clinical charts, r ports, order sheets, progress notes, nurse's notes, social worker records, clinic records, treatment plans, admission records, discharge summaries, requests for and reports of consultations, documents, correspondence, test results, statements, questionnaires/histories, correspondence, photographs, videotapes, telephone messages, and records received by other medical providers.
- [x] All physical, occupational and rehab requests, consultations and progress notes.
- [x] All disability, Medicaid or Medicare records including claim forms and record of denial of benefits.
- [x] All employment, personnel or wage records.
- [x] All autopsy, laboratory, histology, cytology, pathology, immunohistochemistry records and specimens; radiology records and films including CT scan, MRI, MRA, EMG, bone scan, myleogram; nerve conduction study, echocardiogram and cardiac catheterization results, videos/CDs/films/reels and reports.
- [x] All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- [x] All billing records including all statements, insurance claim forms, itemized bills, and records of billing to third party payers and payment or denial of benefits for the period 1-1-16 to 12-31-18.

I understand the information to be released or disclosed may include information relating to sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS), or human

immunodeficiency virus (HIV), and alcohol and drug abuse. I authorize the release or disclosure of this type of information.

This protected health information is disclosed for the following purposes: To allow/enable our attorney, Mr. Greyber, to analyse the (im)propriety of the carriers claim decision or non-decision in a fully informed manner as to rectify same with the carrier.

This authorization is given in compliance with the federal consent requirements for release of alcohol or substance abuse records of 42 CFR 2.31, the restrictions of which have been specifically considered and expressly waived.

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter who have agreed to pay reasonable charges made by you to supply copies of such records:

Jeffrey L. Greyber, Esq. Callagy Law
Name of Representative

Attorney
Representative Capacity (e.g. attorney, records requestor, agent, etc.)

Mack-Cali Centre II - 650 From Road, Ste 565
Street Address

Paramus, NJ 07652
City, State and Zip Code

I understand the following: See CFR §164.508(c)(2)(i-iii)

a. I have a right to revoke this authorization in writing at any time, except to the extent information has been released in reliance upon this authorization.
b. The information released in response to this authorization may be re-disclosed to other parties.
c. My treatment or payment for my treatment cannot be conditioned on the signing of this authorization.

Any facsimile, copy or photocopy of the authorization shall authorize you to release the records requested herein. This authorization shall be in force and effect until two years from date of execution at which time this authorization expires.

Signature of Patient or Legally Authorized Representative (See 45CFR § 164.508(c)(1)(vi))

Date 5/24/18

Name and Relationship of Legally Authorized Representative to Patient (See 45CFR §164.508(c)(1)(iv))

Witness Signature

Date